IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 14-cv-1687-RM-CBS

LIVE NATION MERCHANDISE, INC.,

    Plaintiff,
vs.

JOHN DOES 1-100,
JANE DOES 1-100, and
XYZ COMPANY,

    Defendants.

---

**TEMPORARY RESTRAINING ORDER; ORDER OF SEIZURE; AND ORDER TO SHOW CAUSE REGARDING WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE**

---

Based upon the complaint, amended memorandum of points and authorities, the Amended Declaration of Peter Weber and the Certificate of Counsel and all other pleadings and proceedings heretofore had herein and good cause being shown, the Plaintiff's Ex Parte Application for: a Temporary Restraining Order; a Seizure Order; and an Order to Show Cause Regarding why a Preliminary Injunction and Seizure Order Should not Issue (ECF No. 5) is GRANTED to the extent stated herein. It is therefore hereby

ORDERED that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company (collectively "Defendants"), their true identities being unknown, show cause before the Honorable Raymond P. Moore, United States District Court Judge, in Courtroom A601 of the United States District Court for the District of Colorado, located

at 901 19th Street, Denver, Colorado at **1:30 p.m. on Tuesday, July 1, 2014**, why an order should not be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction and order of seizure to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the trademarks, service marks, likenesses, logos and other indicia of the Group known as **"DEF LEPPARD"** (collectively the "Group's Trademarks").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise in Denver, Colorado as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of the lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks.  It is further

ORDERED that pending hearing and determination of this Application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them (collectively, "Defendants and their Agents"), and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling within the District of Colorado any and all Infringing Merchandise bearing any or all of the Group's Trademarks; and with respect to such Defendants and their Agents, and each of them, who shall manufacture, distribute or sell Infringing Merchandise within the District of Colorado (hereafter, "Colorado Defendants"**)**, they shall additionally be temporarily restrained from manufacturing, distributing and selling Infringing Merchandise elsewhere in the United States;

ORDERED that pursuant to 1116(a), the United States Marshal, for this District or any district in which Plaintiff enforces this Order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks, namely of **DEF LEPPARD,** including the design



which Colorado Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing

3

Merchandise is found from six (6) hours before to six (6) hours after any performance of the Tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to the Pepsi Center in Denver, Colorado on June 25, 2014.  It is further

ORDERED that this Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond, credit card payment, check, or cash in the amount of **$5,000.00** no later than **Tuesday, June 24, 2014**, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

ORDERED that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

ORDERED that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Colorado Defendants by the United States Marshal, state police, local police, or local deputy sheriffs, or off duty officers of the same, and any person over the age of eighteen (18) years under their supervision, not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

ORDERED that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

ORDERED that each and every Colorado Defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Colorado Defendant;

ORDERED that Colorado Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **Friday, June 27, 2014**. Any reply shall be filed by the Plaintiff and served upon each appearing Colorado Defendant or his/her counsel on or before **Monday, June 30, 2014.** Plaintiff is to provide copies of all other filed pleadings at the request of any identified Colorado Defendant; and

ORDERED that pursuant to Fed.R.Civ.P. 65(b)(4), any Colorado Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED**.

DATED this 20th day of June, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge