IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Action No.  1:14-cv-1687-RM-CBS

**LIVE NATION MERCHANDISE, INC.,**

        **Plaintiff,**

vs.

**JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,**

        **Defendants.**

---

**PRELIMINARY INJUNCTION AND SEIZURE ORDER**

---

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a Preliminary Injunction and Seizure Order to enjoin and to restrain the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group **"DEF LEPPARD"** (collectively, the "Group's Trademarks") and to order the seizure and impounding of such merchandise; and service having been effected upon certain defendants ("served defendants") at /or near the Group's concert at Denver, Colorado which has previously occurred; and Plaintiff's application being heard before the Honorable Raymond P. Moore on July 1, 2014, at the United States Courthouse for the District of Colorado, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. By reason of an exclusive licensing agreement between the Group and Plaintiff, Plaintiff has the exclusive rights to distribute merchandise at the Group's 2014 Rock the Americas tour ("Tour") venues bearing the Group's Trademarks;

2. The served defendants, and those in active concert or participation with such defendants, have committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's Tour concerts, without having obtained a license or any other authorization to do so, as alleged in the Complaint;

3. The served defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff or the Group with respect to such goods;

4. The served defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the served defendants and unauthorized merchandise has been seized from them;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the served defendants, their principals, agents, servants, employers, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants (collectively, "Enjoined Defendants"), are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which contains or otherwise uses any or all of the Group's Trademarks; or

(C) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein;

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision who are over eighteen (18) years of age and not a party to this action (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the federally

registered trademarks, service marks, likenesses, logos, or other indicia of the Group **DEF LEPPARD,** including the design



or any colorable imitations or variations thereof, or associated marks which Enjoined Defendants attempt to sell or are holding for sale in the vicinity of any of the Group's Tour concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order;

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon Enjoined Defendants by the Process Servers at the time the seizure provided for is effected and that such service shall be deemed good and sufficient. Plaintiff is to provide copies of all other pleadings at the request of any Enjoined Defendant;

**IT IS FURTHER ORDERED,** that each and every Enjoined Defendant served with a copy of this Order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the Enjoined Defendant;

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized;

**IT IS FURTHER ORDERED,** that any Enjoined Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court;

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter; and

**IT IS FURTHER ORDERED,** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED** this 1st day of July, 2014 at 4:26 p.m.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge